UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
**(HONORABLE BRIAN M. COGAN)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08 CR 518 (BMC) |
| Plaintiff, | ) | |
| v. | ) | |
| MABASS, INC., | ) | |
| Defendant. | ) | |

### MABASS, INC.'S SENTENCING MEMORANDUM

**Of Counsel and on the Brief:**
Alan Silber, Esq. (AS 2370)

                                      Walder, Hayden & Brogan, P.A.
                                      5 Becker Farm Road
                                      Roseland, New Jersey 07608
                                      (973) 992-5300

                                      Attorneys for
                                      Defendant Mabass, Inc.

**PRELIMINARY STATEMENT**

The parties negotiated a corporate plea; the government did not require pleas from the individual owners of Mabass, Inc. ("Mabass"). The financial status of those individuals, and corporation, combined with the circumstances of this offense, demonstrate a lack of venality, which we believe was the underlying basis for a corporate plea. Both Mabass principals cooperated fully with the government's investigation, and even attempted proactive phone calls to China, which does bespeak an acceptance of responsibility and a desire to do the right thing.

**Negotiations and Pleas Agreement**

When its shipment was seized, Mabass turned to its civil counsel to attempt to regain its property. Both principals of Mabass met with investigators and lawyers for the government—both before and after criminal defense counsel was retained—and fully disclosed all of their activities. Obviously, the government agents and lawyers accepted those accounts as true. It was for that reason that the corporate plea agreement was implemented.

Although Mabass and its principals were financially crippled by the seizure, which effectively put Mabass out of business, Mabass used the last of its funds to provide payment for the negotiated restitution amount. That money was provided to counsel to insure payment at the time of sentence. The parties also agreed that Mabass cannot (and was not likely to become able) to pay a fine. The government estimated "that no fine will be imposed." (Plea Agreement, ¶ 2).

That determination was a "preliminary determination." The probation office has now received Mabass' Net Worth Statement, which confirmed that the corporation is out of business and has no assets or income.

**The Mabass Principals**

Each of the principals of Mabass fully cooperated with the government, gave signed statements of their activities (which were obviously believed) and made every effort to aid the government's investigation. The principals were willfully blind to the fact that there was something wrong with the shipment, and they failed to make the necessary investigation which would have demonstrated that the shipment was contraband. (PSR, ¶ 9).

At the request of the government, the Mabass principals went to their customers and obtained all of the Colgate toothpaste, whether Mabass had been the seller or not. Mabass gave each of these customers credit. (PSR, ¶ 9).

The financial devastation to Mabass and its principals has been complete. Each of the two principals is now driving livery cab for Malcom Radio Group. Mampassi Augustain has four children and a wife to support, while Magassouba Alassane has two children and a full-time student wife to support. These are essentially hard working immigrants, decent people who possess little in material comforts.

## **CONCLUSION**

This Court should not impose a fine on Mabass, Inc. The parties have agreed to ask for probation of 5 years, though it is recognized that "the corporation will be dissolved after sentencing of the corporate defendant." (PSR ¶ 40)

Respectfully submitted,
WALDER HAYDEN & BROGAN, P.A.


　　/s Alan Silber
ALAN SILBER
